# UNITED STATES DISTRICT COURT
for the

Northern District of New York

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   5:04-CR-140-009 (FJS) |
| CLIFTON STITH, SR. ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

### Alternative Findings (B)

(1)   There is a serious risk that the defendant will not appear.

(2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

    **X**   The defendant is ordered detained, pursuant to 18 U.S.C. § 3143 (a)(1) and Fed. R. Crim. P. 32.1(a)(6). The defendant did not establish, by clear and convincing evidence, that, if released, he will not pose a danger to any other person or to the community.

### Part II— Statement of the Reasons for Detention

The court conducted a detention hearing on April 12, 2018, pending a hearing before Senior District Judge Scullin regarding defendant's alleged violations of supervised release.  The court considered the evidence in the April 6, 2018 Petition; USPO Mark Walker's letter of April 3, 2018 to Judge Scullin; the proffers from both sides, including statements by the defendant.  Based on that evidence, and for the reasons stated on the record during the detention hearing, the court finds that the defendant did not establish, by clear and convincing evidence, that, if released, he will not pose a danger to the community relating to continuing criminal activity and violations of release conditions, involving the abuse of alcohol while operating a motor vehicle, and the use of narcotic drug controlled substances.  The court, upon the recommendation of the U.S. Attorney's Office and the assigned Probation Officer, was prepared to release defendant on a condition of home confinement enforced by electronic monitoring, but defendant stated that he would prefer to be held in custody pending the hearing instead.  The court concludes that conditions of release without home confinement with electronic monitoring would not adequately mitigate the risk of danger to the community if the defendant were to be released pending the hearing on his alleged supervised release violations.

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   4/12/2018

*Andrew T. Baxter*

Hon. Andrew T. Baxter
U.S. Magistrate Judge